Dissenting Opinion.
Fenner, J.
The motion to dismiss involved nothing but the propriety of the place fixed for the return.
It was duly tried and submitted, and was overruled in an unanimous opinion by the court.
Subsequently the case was fixed, argued and submitted on the merits without a whisper of complaint from any party as to the disposition of the motion to dismiss.
Applications for rehearing on decrees overruling motion to dismiss are not received by the court. Succession of Edwards, 34 An. 220.
Yet, some time after the submission of the cause on the merits an irregular application, suggesting no new matter affecting the main ground of the opinion, was made by the Attorney General, inviting the court to review its ruling on the motion to dismiss.
I think, at this stage of the case, we should have disregarded the application. There is no precedent for reviving a motion to dismiss, based on grounds not affecting the jurisdiction of the court, after it has once been regularly tried and overruled. There are precedents to the contrary. Duncan vs. Duncan, 29 An. 829; Succession of Edwards, 34 An. 219.
Nothing was submitted to us but the merits of the case, which were submitted without reserve and were ripe for decision. I think we were not called upon, either of our own motion or at suggestion of a party, to reconsider grounds for dismissing the appeal which had already been duly considered and overruled. If the appellant had a bad case, affirmance of the judgment would accomplish the same end as dismissing his appeal; if he had a good case, we were not required to go- out of ofir usual way to destroy his appeal. The appellant had *149 the right to suppose that the motion to dismiss was out of the case; if he had not so thought, he might have furnished additional argument against it. As it is, the judgment in his favor is reversed without new notice or hearing accorded to him.
Moreover, I think the original opinion on the motion to dismiss was correct, and I adhere to it.
But if it were wrong, it furnishes to my mind the best of reasons why the appeal should not be dismissed. It is elementary that error in the day or place fixed by the order of -appeal for the return is not ground of dismissal unless attributable to the fault of the appellant. Here the only fault attributed to the appellant is a misconstruction of the law as to the proper place -for return of the appeal, but if the terms of the law are so doubtful that in its first consideration this unanimous court affirmed the construction placed on the law by appellant, surely the error is not such a fault as should defeat the right of appeal.
Finally, the original papers in the case furnished by the Attorney General ¡show that though the motion for appeal presented by appellant’s counsel did suggest New Orleans as the place of return for the appeal, yet the order of appeal fixing that place was written by the judge a quo in his own hand, showing that his discretion was not surprised, but that he deliberately made the appeal so returnaable as complying with his interpretation of the law as expressed in the words “according to law” embodied in his order. This, as it seems to me, makes this point stronger than appeared on the face of the transcript, and stronger than Dellwood’s ease, the application of which authority should save the appeal.
I dissent.
On Motion to Dismiss.
Bermudez, C. J.
The Attorney General moves that the appeal herein be dismissed, on the ground that it was made returnable at the instance of the appellant, at New Orleans, while it ought have been made returnable at Shreveport.
The suit was brought under the intrusion into office Act, and the prayer is that “there be judgment in favor of the State, decreeing that Augustus O. Fowler usurps, intrudes into and unlawfully holds and exercises the office 'of Coroner of the Parish of Jefferson, and he be excluded from said office and for general relief.
There was judgment accordingly after hearing, which was signed *150 on the 11th of July, 1889, the last day of' the term, of the District Court in the Parish of Jefferson.'
On the same day the cast defendant moved in writing “that a suspensive appeal be granted him therefrom to the Supreme Court of this State, returnable according to law, at New Orleans.”
The District Judge, in furtherance of the motion, made the following order: “Let a suspensive appeal be granted the defendant, A. C. Fowler, returnable to the Supreme Court of the State of Louisiana, according to law, at New Orleans, within ten days, on his furnishing bond,” etc.
The Supreme Court was not in session at New Orleans, on the 11th of July, and held a session in October following in Shreveport, where it heard and determined cases.
The transcript of appeal was filed in the clerk’s office at New Orleans, and the motion to dismiss now under consideration, was next-made.
The legislation on the subject of appeals in cases in which the right of office is involved, dates back to 1866, receiving attention in 1868 and in 1870. Sec. —, Act 1866, No. 82; Sec. 18, p. 154; Act of 1868, No. 157, Sec. 17. p. 201; Act of 1870, No. 45, Sec. 7, p. 100.
The spirit and letter of those several acts do not reveal or intimate any intent on the part of the Legislature, that the one should modify the other, but show that they well may coexist. Blended and construed together, they clearly mean, that, in all cases under the intrusion into office Act, appeals must be taken, within ten days, to the Supreme Court, at New Orleans, or at one of its sessions in the country, to be tried by preference.
In State ex rel. Slack vs. Hall, 26 An. 58, from the country, in which the appeal, allowed within ten days after judgment rendered in September, had been made returnable, in New Orleans on the first .Monday of November, the court dismissed the appeal, considering that the policy of the law is to have such cases determined speedily and with the least possible delay and concluding that the requirements of the law must be construed strictly.
It is apparent that the law not only requires that the appeal be made returnable within ten days, but also that it be so made returnable to the Supreme Court either at New Orleans, or at one of its sessions in the country, and that it be tried by preference.
Surely, the object of .the law, which is to oust usurpers from in *151 vaded public offices as summarily as legally practicable, would be greatly defeated, if one, declared to be such usurper, by judgment signed in July, could make his appeal returnable in November at New Orleans. He would thereby maintain himself in office in the meantime, when his appeal ought to have been made returnable within the ten days following the signature of the judgment previously, at such place at which the Supreme Court would next be in session.
It has been repeatedly held that where the law makes appeals returnable in a particular manner as to time and place, and the appellant expressly asks that the appeal be made returnable in a different manner, suggesting for instance an improper place, and the order granting the appeal is inadvertently rendered in accord with the prayer, the error thus committed by the court is imputable to the appellant who, as a penalty for misleading the judge, will be ousted from his appeal. The rule has been applied -equally to civil as to-criminal eases. 27 An. 540, 542; 32 An. 692; 35 An. 980; 38 An. 542; 40 An. 618.
There is no doubt that, in the latter class of cases, the judge is vested with a certain discretion in fixing a different place for the return, when in his opinion such a change will conduce to a speedy determination of the appeal, and there is no reason why, in the other class of eases, he may not act In a similar manner, but it is clear that .-in doing so, his action must appear as the result of the exercise of •his own judgment, which must not be based solely on the suggestion of the appellant.
The same spirit which animated the Legislature when it enacted legislation for criminal cases, inspired it when it adopted the intrusion into office Act, providing for the manner in which such appéals should be returned.
That spirit was as well to secure an accused a speedy acquittal or conviction as promptly to hurl intruders from office and to induct lawful claimants into the same, as to quiet the title of legitimate incumbents to the same
Surely it can less be claimed that the judge exercised a discretion in this case when he adopted the improper suggestion of the appellant and assigns no reason whatever for making the appeal returnable at New Orleans instead of at Shreveport, where under the law it ought to have gone.
The ruling in State vs. Dellwood, 33 An. 1229, is no precedent or *152 authority in the present instance, however far it may have gone to extend relief to the appellant, for there the majority of the court concluded that the judge had shown the exercise of legal discretion, as he had said, ‘ ‘ by reason of the law and the foregoing application, the appeal is granted returnable,” etc.
Had the appellant here not gratuitously suggested himself an improper return place, and had the judge, by some ostensible act of his own, shown that he did not rest solely on the suggestion of appellant, but had exercised a legal discretion by fixing the return place, the appellant would have been entitled to relief, but the fact patent on the record is that the judge gave no reason for changing the return place, and rested solely on the suggestion of the appellant, who is therefore at fault.